**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Sherri Crawford,<br><br>             Plaintiff,<br>v.<br><br>Target Stores, Inc.,<br><br>             Defendant. | Civil Action No.: 3:14-cv-00090<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Sherri Crawford, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Sherri Crawford ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Target Stores, Inc. ("Target"), is a Minnesota business entity with an address of 1000 Nicollet Mall, TPS-2762, Minneapolis, Minnesota 55403, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Beginning in or around October 2013, Defendant started calling Plaintiff four (4) times a day on her cellular telephone,

6. At all times mentioned herein, Defendant called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When she answered Defendant's call, Plaintiff experienced a period of silence before a live representative came on the line. Often, Plaintiff had to say "hello" several times before a representative answered.

8. During a conversation in or about November, 2013, Plaintiff requested Defendant cease the frequent calls to her cellular phone as they were extremely harassing.

9. Nonetheless, Defendant proceeded to place at least fifty (50) additional calls to Plaintiff's cellular phone.

10. If at one time Defendant had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have some earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to live person.

15. Other times, Plaintiff has to say, "hello" several times before being connected to a live agent.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant to stop all calls to her and cease calling her cellular telephone.

18. Defendant continued to place automated calls to Plaintiff's cellular telephone after being by Plaintiff that the calls were harassing and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

22. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2014

                                        Respectfully submitted,

                                        By */s/ Jody B. Burton*

                                        Jody B. Burton, Esq.
                                        CT Bar # 422773
                                        LEMBERG LAW L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        E-mail: jburton@lemberglaw.com

                                        14785 Preston Road, Suite 550
                                        Dallas, Texas  75154
                                        Attorneys for Plaintiff