UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0090-B |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to File First Amended Complaint (doc. 19). For the reasons stated below, Plaintiff's Motion is **GRANTED.**

### I.

### BACKGROUND

On January 13, 2014, Plaintiff Sherri Crawford filed a one-count Complaint (doc. 1) against Defendant Target Corporation[1] for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Shortly thereafter, the Court issued its Status Report Order (doc. 9), requiring the parties to submit a joint status report no later than March 11, 2014. On March 7, 2014, the parties complied and filed their Joint Status Report (doc. 13). Accordingly, the Court issued its Scheduling Order (doc. 15), which set the deadline for amended pleadings as May 9, 2014.

On May 9, 2014, Plaintiff filed her present Opposed Motion for Leave to File First Amended

---

[1] The caption of the Complaint listed Defendant as Target Stores, Inc., however Defendant has indicated in its own filings that this is incorrect and it is properly referred to as Target Corporation. Def.'s Resp. 1. The Court will refer to Defendant accordingly.

- 1 -

Complaint (doc. 19). On May 30, 2014, Defendant filed its Response (doc. 21). On June 17, 2014, Plaintiff filed her Reply (doc. 25). The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971). Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Inline Corp. v. Tricon Restaurants Int'l*, No. 3:00–CV–0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (citing *Wimm*, 3 F.3d at 139). "When, as here, a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Id.* (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, No. 3:00–CV–1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)).

## III.

## ANALYSIS

In her Motion, Plaintiff requests leave to amend her complaint to include an additional count for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Pl.'s Mot. Ex. A. 4. Specifically, Plaintiff seeks a declaration regarding her rights under the credit card contract on which Defendant bases its affirmative defense of prior express consent. *Id.* at 4–5. Defendant opposes the amendment because Plaintiff allegedly fails to identify the controversy under the contract. Def.'s

Resp. 3. According to Defendant, the proposed filing neither claims that Defendant breached the credit card agreement nor that Defendant engaged in unlawful debt collection practices nor that it invaded Plaintiff's privacy. *Id.* at 4. Accordingly, Defendant insists the amendment would be immediately subject to a motion to dismiss for failure to state claim and therefore should be denied as futile. *Id.*

An amended complaint is futile if it would "fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Thus, "to determine futility, [courts] apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (internal citation and quotation marks omitted). The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act does not create a substantive cause of action. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In other words, "[a] declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009)(internal citations and quotation marks omitted).

After reviewing the pleadings and relevant law, the Court concludes that Plaintiff has properly connected her proposed claim for declaratory relief with an actual controversy, namely the pre-existing cause of action under the Telephone Consumer Protection Act. From the limited information before the Court, it appears the parties' rights under the credit card agreement are directly related to this claim by virtue of the clause regarding consent; hence Defendant's affirmative defense. Plaintiff makes this clear in the amended filing. *See* Pl.'s Mot. Ex. A. 4–5 at ¶¶ 26–28.

Defendant's suggestion that Plaintiff has failed to give notice of the actual case or controversy is thus unavailing, and its argument that the pleading is doomed because Plaintiff failed to allege other claims under the contract is also of no moment. The connection to an underlying claim is apparent, and Defendant has failed to show how Plaintiff's amendment is otherwise futile.[2]

Turning to the other factors that may be considered in weighing Plaintiff's Motion, the Court concludes there is no indication that Plaintiff has engaged in undue delay or that Plaintiff has acted in bad faith or with a dilatory motive. Further, there is no suggestion that allowing Plaintiff to file the amended pleading would result in undue prejudice to Defendant. Accordingly, the Court concludes that Plaintiff's Motion should be and hereby is **GRANTED.**

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff Motion is **GRANTED**. Plaintiff is instructed to file her Amended Complaint with the Court.

**SO ORDERED.**

**SIGNED: June 18, 2014.**

---

[2] The Court acknowledges that the claim for declaratory relief may still be vulnerable to a Rule 12(b)(6) motion by virtue of the possible insufficiency of Plaintiff's pleading her related cause under the Telephone Consumer Protection Act. *See, e.g., Diaz v. Ocewen Loan Servicing*, No. 3:13–CV–2928–N–BK, 2014 WL 1012521, at *2 (N.D. Tex. Mar. 14, 2014) (slip copy) ("In this case, because Plaintiff's substantive claim fails for the reasons stated above, he is not entitled to any relief under the Declaratory Judgment Act.") (citing *Marban v. PNC Mortg.*, No. 12–CV–3952, 2013 WL 3356285, at *11 (N.D. Tex. July 3, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim)). However, the Court is of the opinion that this cannot be a basis to deny leave to amend as no judgment on the latter claim has yet been rendered.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE