# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Sherri Crawford, | Civil Action No.: 3:14-cv-00090-B |
| Plaintiff, | |
| v. | |
| Target Stores, Inc., | **FIRST AMENDED COMPLAINT** |
| Defendant. | |

For her First Amended Complaint, the Plaintiff, Sherri Crawford, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Sherri Crawford ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Target Stores, Inc. ("Target"), is a Minnesota business entity with an address of 1000 Nicollet Mall, TPS-2762, Minneapolis, Minnesota 55403, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Beginning in or around October 2013, Defendant started calling Plaintiff four (4) times a day on her cellular telephone,

6. At all times mentioned herein, Defendant called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When she answered Defendant's call, Plaintiff experienced a period of silence before a live representative came on the line. Often, Plaintiff had to say "hello" several times before a representative answered.

8. During a conversation in or about November, 2013, Plaintiff requested Defendant cease all calls to her cellular phone.

9. Nonetheless, Defendant proceeded to place at least fifty (50) additional calls to Plaintiff's cellular phone.

10. If at one time Defendant had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have some earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to live person.

15. Other times, Plaintiff has to say, "hello" several times before being connected to a live agent.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant to stop all calls to her and cease calling her cellular telephone.

18. Defendant continued to place automated calls to Plaintiff's cellular telephone after being by Plaintiff that the calls were harassing and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

22. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### REQUEST FOR DECLARATORY RELIEF – 28 U.S.C. § 2201, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

26. In response to Plaintiff's TCPA claim, Defendant relies on the affirmative defenses of prior express consent and ineffective revocation, both of which are based on the

Target Credit Card Agreement ("Contract") underlying the parties' dealings, a copy of which is attached hereto as <u>Exhibit A</u>.

27. However, Plaintiff did not agree to be hounded with relentless automated calls to her cellular telephone nor did she agree to forego her right to be free from unwanted invasions to her privacy.

28. An actual and justiciable controversy exists regarding Plaintiff's rights under the Contract and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties pursuant to the Contract.

29. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1. An Order from this Court declaring and setting forth Plaintiff's rights under the Contract;

2. Judgment in favor of Plaintiff and against Defendant for:

   A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

   B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

   C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS SO TRIABLE**

Dated: June 19, 2014

                        Respectfully submitted,

                        By /s/ Jody B. Burton

                        Jody B. Burton, Esq.
                        CT Bar No. 422773
                        LEMBERG LAW L.L.C.
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Facsimile:  (203) 653-3424
                        E-mail: jburton@lemberglaw.com
                        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  THIS IS TO CERTIFY that on June 19, 2014, a true and correct copy of the foregoing First Amended Complaint was filed with the Clerk of Court for the United States District Court for the Northern District of Texas using the CM/ECF system, which sent notice of filing to the following parties:

Brian Melendez, Esq.
Dykema Gossett, PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Chais L. Sweat, Esq.
Dykema Gossett, PLLC
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas 75201
*Attorneys for Defendant*

                /s/ Jody B. Burton
                Jody B. Burton