UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0090-B |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Target Corporation's Motion to Dismiss (doc. 30), filed on

July 3, 2014, seeking the dismissal of Plaintiff Sherri Crawford's claim under the Telephone

Consumer Protection Act and her request for declaratory relief. For the reasons stated below,

Defendant's Motion is **DENIED**.

## I.

## BACKGROUND[1]

On January 13, 2014, Plaintiff Sherri Crawford filed a Complaint (doc. 1) against Defendant

Target Corporation[2] for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

*seq.* (the "TCPA"). Plaintiff filed her Amended Complaint (doc. 27) on June 19, 2014, in which she

reiterated her claim under the TCPA and included an additional request for declaratory relief. In

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Amended Complaint (doc. 27), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[2] The caption of the Complaint listed Defendant as Target Stores, Inc. Doc. 1. However, Defendant has indicated in its own filings that this is incorrect and that the entity is properly referred to as Target Corporation. Doc. 7, Def.'s Answer 1. The Court will refer to Defendant accordingly.

her Amended Complaint, Plaintiff alleges that Defendant violated the TCPA and offers the following facts in support. Doc. 27, Am. Compl. ¶ 21. Beginning in October 2013, Defendant started calling Plaintiff four times per day on her cellular telephone using an artificial or prerecorded voice as well as an automated telephone dialer system ("ATDS"), also referred to as a predictive dialer. *Id.* ¶¶ 5–6. Plaintiff explains that the "telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls." *Id.* ¶ 19. Plaintiff affirms that when she answered Defendant's calls, she experienced a period of silence before a live representative came on the line. *Id.* ¶ 7. During a conversation in or about November 2013, Plaintiff states that she requested that Defendant cease all calls to her cellular telephone. *Id.* ¶ 8. Nonetheless, Defendant proceeded to place at least fifty additional calls to Plaintiff. *Id.* ¶ 9. Plaintiff notes that if at one time Defendant had obtained her express consent to call her, it no longer had such consent after Plaintiff requested that the calls cease. *Id.* ¶ 10. She further contends that Defendant knew that Plaintiff had revoked any consent to receive telephone calls. *Id.* ¶ 18. Additionally, Plaintiff clarifies that the calls received from Defendant were not placed for emergency purposes. *Id.* ¶ 20. Plaintiff thus requests statutory damages of $500.00 for each call placed in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B). *Id.* ¶ 22. Arguing that Defendant knowingly or willfully violated the TCPA, she further demands treble damages in an amount of up to $1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). *Id.* ¶ 23. Finally, Plaintiff requests declaratory relief and asks the Court to determine the rights and duties of the parties under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq. Id.* ¶ 28.

On July 3, 2014, Defendant filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), insisting that Plaintiff's claim must be dismissed because it fails to state the

telephone number that Defendant allegedly called. Doc. 30, Def.'s Mot. 6–9. Defendant also argues

that because Plaintiff's claim under the TCPA must fail, her request for declaratory relief must also

be dismissed because it is not supported by a viable underlying claim. *Id.* at 9–10. Plaintiff filed her

Response (doc. 31) to Defendant's Motion on July 22, 2014, and Defendant subsequently submitted

its Reply (doc. 33) on August 8, 2014. The Motion is now ripe for the Court's review.

## II.

### LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most

favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)

(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

The court will "not look beyond the face of the pleadings to determine whether relief should be

granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert.*

*denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Defendant seeks dismissal of Plaintiff's claim for violation of the TCPA and her corresponding request for declaratory relief. The Court reviews the arguments for each claim, in turn, below.

A.     *Violation of the Telephone Consumer Protection Act*

The Court first considers Plaintiff's allegation that Defendant violated the TCPA by calling her cellular telephone using an ATDS. In her Amended Complaint, Plaintiff alleges that, beginning in October 2013, Defendant started calling her four times per day on her cellular telephone using an artificial or prerecorded voice as well as an ATDS or predictive dialer. Am. Compl. ¶¶ 5–6.

In its Motion to Dismiss, Defendant maintains that Plaintiff has not stated a claim upon which relief can be granted because she has not specified the telephone number that Defendant allegedly called in violation of the TCPA. Def.'s Mot. 7. Defendant argues that when a party is sued under the TCPA, it "needs enough information [so] that it can investigate whether a violation has occurred, can identify and assess the plaintiff's claims, and can ensure that it stops calling a plaintiff who [does not] want to be called." *Id.* Defendant does not attack the sufficiency of Plaintiff's remaining factual assertions against Defendant, but rather maintains that without knowing the specific phone number that it allegedly called, it is "forced to make educated guesses as to which

telephone number belongs to a newly filed plaintiff." *Id.* (quoting *Strand v. Corinthian Colls., Inc.*, No. 1:13-CV-1235, 2014 WL 1515494, at *3 (W.D. Mich. Apr. 17, 2014). Defendant further notes that if the TCPA's "goal is to prevent unwanted calls to a consumer's cell phone, then both fair notice and common sense dictate that the plaintiff must provide the cell-phone number in the pleading." *Id.*

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012); *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 728 (S.D. Tex. 2012).[3]

The Court finds that Plaintiff has alleged sufficient facts to state a claim under the TCPA. Plaintiff has asserted that Defendant started calling her cellular telephone four times per day beginning in October 2013, thus specifying the source, time, and frequency of the calls. Am. Compl. ¶ 5. She has also stated that Defendant placed the calls using an artificial or prerecorded voice as well as an ATDS or predictive dialer, which she recognized because, upon answering Defendant's calls, she experienced periods of silence before hearing a live representative on the line. *Id.* ¶¶ 6–7.

---

[3] The Court is unpersuaded by Defendant's argument that lack of consent is an element of the claim that plaintiff must assert. Def.'s Mot. 1–2, 7. Although the Fifth Circuit has not yet decided whether "consent" is an element of the TCPA claim or an affirmative defense, the FCC, which is charged with prescribing regulations to implement the TCPA's prohibitions, has concluded that "consent" is an affirmative defense which the defendant bears the burden to establish. *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d at 730 (discussing the Fifth Circuit's lack of resolution of the issue of consent in *Gene & Gene, LLC v. BioPLay, LLC*, 541 F.3d 318, 327 (5th Cir. 2008)); *In re Rules Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 564 (Jan. 4, 2008) (concluding that the party allegedly calling a plaintiff bears the burden of demonstrating that the consumer provided prior express consent).

Plaintiff has therefore alleged that Defendant used an ATDS to place the calls in question.

Additionally, Plaintiff explains that the "telephone number called by Defendant was assigned to a

cellular telephone service for which Plaintiff incurs charges for incoming calls." *Id.* ¶ 19. Moreover,

though it is not her burden to do so, Plaintiff has alleged that in November 2013, she revoked any

consent she may have previously given by requesting that Defendant cease calling her. *Id.* ¶¶ 8–10;

*see* note 3, *supra*. Plaintiff alleges that, despite this request, she continued to receive calls from

Defendant. *Id.* ¶ 9.

The Court next turns to Defendant's argument that Plaintiff's claim must be dismissed

because her pleadings did not specify the telephone number that Defendant allegedly called. Def.'s

Mot. 7. The Court notes that the question of whether a plaintiff is required to include this

information in the pleadings is a matter of first impression that has not been addressed by courts in

this Circuit. As Plaintiff indicates, however, district courts in the Eleventh Circuit considered this

issue for the first time in 2012 and concluded that a plaintiff is not required to assert his telephone

number as part of his original pleadings. *Buslepp v. Improv Miami, Inc.*, No. 12-60171-CIV, 2012 WL

1560408, at *1 (S.D. Fla. May 4, 2012) ("The fact that Plaintiff does not identify the specific

telephone number called . . . is not fatal under *Twombly* and *Iqbal*."); *Manfred v. Bennett Law, PLLC*,

No. 12-CV-61548, 2012 WL 6102071, at *2 n.2 (S.D. Fla. Dec. 7, 2012) ("Plaintiff need not allege

his specific cellular telephone number. The statute simply states that the call must be made to 'any

telephone number assigned to a . . . cellular telephone service.'"). The court in *Jackson v. HSBC*

*Mortgage Services, Inc.* similarly adopted this reasoning and elaborated that requiring plaintiffs to

plead their telephone numbers is unnecessary; the court noted that "if there is a question about the

phone number at issue, it can be addressed through discovery." No. 2:14-CV-1240-RDP, 2014 WL

5100089, at *4 (N.D. Ala. Oct. 10, 2014). Another district court in the Eleventh Circuit further explained that information such as the frequency of the calls, the date of the calls, and the telephone number from which the calls were received is not necessary to put defendants on notice of the conduct charged, because "such information is more likely to be in [defendants'] records and accessible through discovery." *Sprogis v. Suntrust Bank*, No. 6:13-CV-635-Orl-37, 2013 WL 2456090, at *2 (M.D. Fla. June 6, 2013). These courts thus reject the argument that the absence of certain particularities of an alleged TCPA violation warrants dismissal of a complaint for failure to state a claim; they instead conclude that some information with respect to the calls can be independently verified through discovery and is not essential to putting defendants on notice of the conduct charged.

Defendant rejects this reasoning and directs the Court to a decision from a Sixth Circuit district court, which held that plaintiffs must assert their telephone numbers in order to satisfy the pleading requirements under *Twombly* and *Iqbal*. *Strand*, 2014 WL 1515494, at *3. The *Strand* court disagreed with the cases that do not require telephone numbers to be specified and instead explained that "[w]ithout the telephone number, TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff." *Id.*

The Court is reluctant to read this additional pleading requirement into the TCPA and instead finds that a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged. First, the Court notes that a TCPA defendant is not "forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff," because such information is readily available through discovery and is not the sole means of identifying the particular TCPA violation alleged in a plaintiff's pleadings. *See id.* The Court acknowledges a

defendant's need to receive notice, but it rejects the notion that a pleading informing a defendant of the plaintiff's identity, offering allegations concerning defendant's use of an ATDS, and presenting other factual allegations regarding the nature and placement of the calls nonetheless fails to give defendant proper notice of the conduct charged simply because defendant has to avail itself of the tools of discovery to ascertain the plaintiff's telephone number. The Court is thus unwilling to extend the pleading requirement as Defendant requests, because the absence of a plaintiff's telephone number from the pleadings does not detract from the TCPA claim's plausibility and does not prevent a court from drawing "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff has offered sufficient factual allegations in support of her claim against Defendant. She has stated that Defendant called her cellular telephone number, and she has indicated the reasons for her contention that Defendant employed an ATDS in calling her. She has further specified the frequency and time of the calls. Plaintiff's pleadings offer far more than conclusory statements concerning Defendant's liability and instead present sufficient factual context to notify Defendant of the conduct charged.

Given the ample factual allegations in Plaintiff's complaint regarding Defendant's calls, and in light of the Court's unwillingness to require Plaintiff to specify her telephone number as part of her initial pleadings, the Court finds that Plaintiff has alleged sufficient facts to state a claim under the TCPA. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss with respect to the claim for TCPA violations.

B.    *Declaratory Judgment*

The Court next turns to Plaintiff's request for declaratory relief under 28 U.S.C. § 2201, *et seq.* in connection with her TCPA claim. Am. Compl. ¶ 28. Defendant insists that Plaintiff's request must be dismissed because her underlying claim under the TCPA is not viable. Def.'s Mot. 9–10. Defendant correctly notes that a request for declaratory relief cannot stand without an underlying cause of action. *See Marban v. PNC Mortg.*, No. 12-CV-3952, 2013 WL 3356285, at *11 (N.D. Tex. July 3, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). Because this is Defendant's sole argument in support of dismissing Plaintiff's claim for declaratory relief, and because the Court has concluded that Plaintiff has indeed stated a viable cause of action under the TCPA, the Court finds that Plaintiff has a basis for requesting a declaratory judgment. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for declaratory relief.

## IV.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (doc. 30) is hereby **DENIED**.

**SO ORDERED.**

**SIGNED: November 10, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE